UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MELODIE HUGHES,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MENDOCINO, et al.,<br><br>    Defendants. | Case No. 15-cv-01794-NJV<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 13 |

Plaintiff Melodie Hughes ("Plaintiff") proceeds pro se in this action filed against the County of Mendocino and Sherriff Thomas Allen (together "the County Defendants"), California Forensic Medical Group, and Dr. Taylor Fithian. Defendants California Forensic Medical Group, and Dr. Taylor Fithian filed an answer to the Complaint, while the County Defendants filed a Motion to Dismiss (Doc. 13) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a Response to the Motion (Doc. 29), to which the County Defendants filed a Reply (Doc. 33). The court took the matter under submission on the papers. (Doc. 35). For the reasons that follow the court will grant the motion in part and deny the motion in part. Additionally, Plaintiff will be given time to file a first amended complaint.

**BACKGROUND**

The Complaint is predicated on the events surrounding the death of Plaintiff's son, Ivan Slater ("Slater"). Slater was arrested on March 22, 2014 and taken to the Mendocino County Jail. Comp. (Doc. 1) at ¶15. When Slater was arrested, he was suffering "heroin withdrawals." *Id*. at ¶16. Slater requested medical attention, but did not receive it until March 24, 2014. *Id*. at ¶¶17-19. Slater was also not given sufficient time "to receive his meals for three days." *Id*. at ¶20.

On March 26, 2015, Slater was released on his own recognizance. *Id*. at ¶22. On March 27, 2014, Slater died. Plaintiff continues to suffer emotional distress as a result of Slater's death. *Id*. at ¶27. Other inmates within the Mendocino County Jail witnessed Slater's need for medical attention due to the "heroin withdrawals." *Id*. at ¶¶17, 25, & 28.

## CLAIMS

Plaintiff presents six claims for relief in the Complaint: (1) the First Claim is pursuant to 42 U.S.C. § 1983, based on alleged violations of the Eighth and Fourteenth Amendments to the United States Constitution; (2) the Second Claim is pursuant to 42 U.S.C. § 1983, based on alleged violations of the First and Fourteenth Amendments to the United States Constitution for deprivation of the liberty interests in the parent-child relationship; (3) the Third Claim is for failure to furnish/summons medical care arising under California state law; (4) the Fourth Claim is for negligent supervision, training, hiring and retention under California state law; (5) the Fifth Claim is a negligence claim under California state law; and (6) the Sixth Claim is for wrongful death under California state law. County Defendants seek dismissal of all but the Third Claim.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption

2

1  that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at
2  555.
3        Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the
4  lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*,
5  901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a
6  claim, the court will take all material allegations as true and construe them in the light most
7  favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

### *A.  The Complaint Generally*

County Defendants assert generally that the Complaint fails to adequately state any causes of action. Specifically, the County Defendants argue that the facts in support of the Complaint are insufficient. Each claim is discussed individually below. However, as to the general assertion that the Complaint fails to sufficiently plead facts to state a cause of action, the court finds that the Complaint does contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### *B.  The First Claim*

Plaintiff's first cause of action is brought pursuant to 42 U.S.C. § 1983 for a "deliberate indifference to serious medical needs and failure to protect from harm in violation of the Eighth and Fourteenth Amendments." Comp. (Doc. 1) at 6. County Defendants move for dismissal on the basis that Plaintiff has failed to state a claim for deliberate indifference and because Plaintiff has failed to establish standing. Plaintiff's Response does not directly address the deliberate indifference argument as to this claim and, more importantly, Plaintiff does not address the issue of standing.

County Defendants point out that Plaintiff brings this action "suing individually," Comp. (Doc. 1) at 3, and the allegations in the First Claim are related to injuries sustained by Plaintiff's son. Therefore, County Defendants are challenging Plaintiff's Article III standing; that is, whether Plaintiff has suffered an injury in fact. *See e.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–

1   61 (1992).  "Article III standing is a threshold jurisdictional question." *Pirozzi v. Apple, Inc*., 966

2   F. Supp. 2d 909, 917 (N.D. Cal. 2013).  Accepting the allegation in the Complaint as true and

3   liberally construing those allegations, Plaintiff has not established standing, because she has not

4   shown that she has personally suffered the injury of deliberate indifference of medical care while

5   in custody.

6   Accordingly, the First Claim is DISMISSED without prejudice for lack of standing, as to

7   all Defendants.

### C. The Second Claim

County Defendants seek to dismiss the Second Claim for deprivation of "liberty interests in the parent-child relationship" on the basis that the facts pled in the Complaint do not allege causation between an alleged failure to provide medical care and Slater's death.  County Defendants state that the facts in the Complaint allege that:

> Slater was arrested on March 22, 2014. (Complaint, 4) Slater was not given adequate medical care while he was in jail related to withdrawal symptoms. (Complaint, 4). Then, Slater was released from jail on March 26, 2014 and then died on March 27, 2014. (Complaint, 4). Plaintiff alleges that Slater died as a proximate result of defendant's conduct while Slater was in jail. (Complaint, 6). However, in the documents attached to the Complaint, in a letter written by Plaintiff, she states that the death certificate indicates that Slater's cause of death was heroin intoxication and a disseminated fungal infection. (Complaint, Attachment 2, p.2). Slater's death certificate corroborates this statement, listing Slater's cause of death as "Heroin Intoxication with other significant conditions being Disseminated Fungal Infection." Request For Judicial Notice In Support Of Defendants' Motion To Dismiss Pursuant to F.R.C.P. 12(b)(6).

Cnty. Defs.' Mot. (Doc. 13) at 12.  The court does not agree with County Defendants' assessment.

"The fact that [Slater] did not die until several hours after he [was released] neither precludes liability by the [County] Defendants nor undermines Plaintiff[']s causation allegations against them." *Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1111 (E.D. Cal. 2013) (citing *Ortiz v. City of Imperial*, 884 F.2d 1312, 1313–14 (9th Cir. 1989) (per curiam) (reversing grant of summary judgment for jail nurses and doctor where inmate died ten days after he was transported from jail to the hospital); *see generally Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (contemplating § 1983 liability where lack of

1  medical care produces prisoner's "'lingering death'") (quoting *In re Kemmler*, 136 U.S. 436, 447,
2  10 S.Ct. 930, 34 L.Ed. 519 (1890))).  Accordingly, County Defendants' request that the Second
3  Claim be dismissed for failure to allege causation is DENIED.
4  County Defendants also seek dismissal of Plaintiff's § 1983 claims on the basis that
5  Plaintiff has not stated a *Monell* Cause of Action against the County.  Relying on the *Monell v.*
6  *N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), holding that "a public entity cannot be
7  held liable under section 1983 on a respondeat superior theory," County Defendants state that:

> Even under the liberal pleading practice followed in federal courts, to maintain a section 1983 action against a governmental entity, plaintiff must first plead facts that there was a constitutional violation and that the allegedly unconstitutional activities of the entity's official were pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the entity's] officer".

11 Cnty. Defs.' Mot (Doc. 13) at 15 (quoting *Monell*, 436 U.S. at 690.).  While this is true, "[a]
12 plaintiff can allege that through its *omissions* the municipality is responsible for a constitutional
13 violation committed by one of its employees, even though the municipality's policies were facially
14 constitutional, the municipality did not direct the employee to take the unconstitutional action, and the
15 municipality did not have the state of mind required to prove the underlying violation." *Gibson v.*
16 *Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1186 (9th Cir. 2002) (emphasis in original). "However, because
17 *Monell* held that a municipality may not be held liable under a theory of respondeat superior, a plaintiff
18 must show that the municipality's deliberate indifference led to its omission and that the omission
19 caused the employee to commit the constitutional violation." *Id*.  The Second Claim specifically
20 alleges "omissions of Defendants in being deliberately indifferent" to "Slater's serious medical needs"
21 and that Plaintiff suffered injury "[a]s a direct and proximate result of the aforementioned acts and/or
22 omissions of Defendants."  Compl. (Doc. 1) at 8.  Moreover, the Complaint describes the County of
23 Mendocino as "responsible for ensuring the provision of emergency and medical and mental health
24 services" and that Defendant Sherriff Allen "is and was responsible for the promulgation of the
25 policies and procedures and allowance of the practices/customs to which the acts of the Mendocino
26 County Sherriff's Office alleged herein were committed." *Id*. at 2.  Further, the Complaint alleges that
27 the County was on notice that "their provision of medical care to inmates" was "inadequate," thus,
28 pleading "an actual or constructive notice that [the municipalities] omission would likely result in a

1  constitutional violation." *Gibson,* 290 F.3d at 1186.  Accordingly, the court finds that the claim is
2  sufficiently pled and the request for dismissal on the basis that Plaintiff has failed to properly plead a
3  *Monell* cause of action is DENIED.

### D. The Fourth & Fifth Claims

County Defendants seek to dismiss the Fourth and Fifth Claims as they are "common law negligence claims" and California "Government Code section 815 abolishes all common law or judicially declared forms of liability for public entities."  Cnty. Defs.' Mot. (Doc. 13) at 13.  Additionally, County Defendants seek the dismissal of these claims for failure to comply with the California Government Claims filing requirement.  *Id*. at 14.

As to the common law claims, Sherriff Allman is "not immune under section 815 because that section affords immunity only to public entities and does not affect a public employee's liability for common law claims." *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1200 (E.D. Cal. 2011).  As for the County of Mendocino, "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or public employee or any other person." Cal. Gov't Code § 815.  "All government tort liability must be based on statute." *Hoff v. Vacaville Unified Sch. Dist*., 19 Cal.4th 925, 932 (1998).  The Complaint does not identify a statute on which these two claims rely.  However, it appears from the Complaint that Plaintiff is attempting to allege *respondeat superior* liability against the County of Mendocino.[1]  Both claims allege that negligence was the direct or proximate cause of the injuries.  California Government Code § 815.2(a) states that a "public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a).  Thus, § 815.2(a) "expressly makes the doctrine of *respondeat superior* applicable to public employers." *Hoff,* 19 Cal.4th at 932.  However, the Complaint neither identifies § 815.2(a), nor pleads that Sherriff Allman acted within the scope of his employment as a municipal employee.

---

[1] The Fourth and Fifth Claims both allege negligent hiring, supervision, training and failure to properly hire, supervise and train.

1   Thus, this claim is violative of § 815 and insufficiently pled. *See e.g. Young v. City of Visalia*, 687
2   F. Supp. 2d 1155, 1165 (E.D. Cal. 2010) ("Further, there are no allegations under the Fourth cause
3   of action that the individual officers where acting within the course and scope of their employment
4   as municipal employees. In the absence of either citation to Government Code § 815.2(a) or
5   allegations that the Visalia Officers acted in the course and scope of their employment with the
6   City, Plaintiffs have failed to properly plead vicarious liability against the City."). Accordingly,
7   these claims are DISMISSED as to the County of Mendocino. However, because these
8   deficiencies can be cured, they are dismissed without prejudice.

9   As to County Defendants' arguments that Plaintiff failed to exhaust under the Tort Claims
10  Act, the court finds these to be without merit. Plaintiff did file a tort claim pursuant to the Act.
11  County Defendants point the court to *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th
12  1051, 1062 (2013) to argue that Plaintiff's tort claims filing against the County contained no
13  negligence claims , while the Fourth and Fifth Claims of the present Complaint allege negligent
14  supervision, training, and retention. County Defendants argue that because Plaintiff did not
15  specifically allege negligence in the tort claims filing, any negligence claims are barred for failure
16  to comply with the Government Claims Act, which requires a claim to be filed with the
17  government entity prior to suit for money or damages. *See* Cal. Gov't Code § 945.4.

18  *Castaneda*, the case upon which County Defendants rely, addressed and rejected a very
19  similar argument. In *Castaneda*, the plaintiff pled a cause of action for failure to summon medical
20  care, a claim not specifically raised in the plaintiff's government tort claim filing. In upholding
21  the lower court's denial of the state's motion, the *Castaneda* court agreed that the "tort claim
22  provided the State with adequate information to investigate [the plaintiff's] charges." *Castaneda*,
23  212 Cal. App. 4th at 1062. Explaining further, the court stated:

> "[A] claim need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.' [Citations.] As the purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions [citation], the claims statute 'should not be applied to snare the unwary where its purpose has been satisfied' [citation]." (*Stockett*, supra, 34 Cal.4th at p. 446, 20 Cal.Rptr.3d 176, 99 P.3d 500.) To be fortified against a demurrer, the complaint should allege the factual basis for recovery that fairly reflects the written claim. (*Id*. at p. 447, 20 Cal.Rptr.3d 176, 99 P.3d 500.)

7

*Id. See also, Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1152 (E.D. Cal. 2009) ("The factual allegation that *a claim based on the events alleged in the complaint* was presented to and rejected by [the government entity] gives muscle to the skeletal assertion that all prerequisites of the Tort Claims Act have been fulfilled.") (emphasis added).  Similarly, in the present case, the facts pled in Plaintiff's tort claim filing provided the County Defendants notice to investigate and evaluate Plaintiff's claims, regardless of the filings specific mention of the term "negligence."  Accordingly, the request to dismiss the Fourth and Fifth Claims on this basis is DENIED.

### E.     The Sixth Claim

County Defendants move for dismissal of Plaintiff's wrongful death cause of action on the basis that "Plaintiff's Complaint fails to adequately plead causation. *See supra* pp. 7-8." Cnty. Defs.' Mot. (Doc. 13) at 15.  However, as discussed *supra*, the court rejected Defendants' causation arguments and, therefore, the request to dismiss the Sixth Claim is DENIED.

### D.     Sherriff Allman

#### 1.     *Individual Capacity*

County Defendants seek to dismiss the claims against Defendant Sherriff Allman in his individual capacity.  Defendants base this on the argument that there are no allegations against Sherriff Allman that he individually participated in unlawful conduct.  Defendants specifically point this court to *Tandel v. Cnty. of Sacramento,* 2015 WL 1291377, at *9 (E.D. Cal. Mar. 20, 2015), and its holding that "a plaintiff cannot demonstrate the liability of a particular officer 'without a showing of individual participation in the unlawful conduct.' *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002).  Plaintiff must 'establish the integral participation of the officers in the alleged constitutional violation,' which requires 'some fundamental involvement in the conduct that allegedly caused the violation.'" Cnty. Defs.' Mot. (Doc. 13) at 16.  However, the Complaint does not allege that Sherriff Allman was simply a police officer.  Instead, the Complaint alleges that Sherriff Allen is in the "highest position" in the Sherriff's Office.  Indeed, County Defendants assert that there is "no doubt that the Sheriff has 'final policymaking authority' in operating the Mendocino County jail." *Id*. at 17.  Thus, for purposes of § 1983, Sherriff Allman is a supervisor.  "A supervisor can be liable in his individual capacity 'for his own

culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation ...; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal quotations, citations and corrections omitted).

As our sister court in *Tandel v. Cnty. of Sacramento* thoroughly explained:

> Under § 1983, government officials acting as supervisors may be liable under certain circumstances. "[W]hen a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.2011). A defendant may be held liable as a supervisor under § 1983 if there exists "either (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); Starr, 652 F.3d at 1207.
>
> A supervisor's physical presence is not required for supervisory liability. *Starr*, 652 F.3d at 1205. Rather, the requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's Constitutional rights can be established in a number of ways. The plaintiff may show that the supervisor set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Dubner v. City & County of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.1991). Similarly, a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates may establish supervisory liability. *Starr*, 652 F.3d at 1208; *Larez*, 946 F.2d at 646. Finally, a supervisor's acquiescence in the alleged constitutional deprivation or conduct showing deliberate indifference toward the possibility that deficient performance of the task may violate the rights of others, may establish the requisite causal connection. *Starr*, 652 F.3d at 1208; *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir.2005).

*Tandel*, 2015 WL 1291377 at *9-10. The Complaint sufficiently sets forth claims against Sherriff Allman in his individual capacity and the request for his dismissal in his individual capacity is DENIED.

### 2. *Official Capacity*

Finally, County Defendants seek dismissal of the claims against Sherriff Allman in his official capacity as duplicative of the claims against the County of Mendocino. "'[I]f individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed.'" *Roy*

*v. Contra Costa Cnty.*, No. 15-CV-02672-TEH, 2015 WL 5698743, at *4 (N.D. Cal. Sept. 29, 2015) (quoting *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996)).

All of the claims within the Complaint are against all Defendants. As such, each claim is against both the County of Mendocino and Sherriff Allman in his official capacity and therefor duplicative. Accordingly, the request to dismiss Sherriff Allman in his official capacity is GRANTED as duplicative.

## CONCLUSION

For the reasons stated above, it is ORDERED that the motion to Dismiss (Doc. 13) is GRANTED in part and DENIED in part as follows:

1). The First Claim is DISMISSED for lack of standing, without prejudice as to all Defendants;

2). The request to dismiss the Second Claim is DENIED;

3). The Fourth and Fifth Claims are DISMISSED without prejudice as to Defendant County of Mendocino.

4). The request to dismiss the Sixth Claim is DENIED;

5) The request to dismiss Sherriff Allman in his individual capacity is DENIED, and the request to dismiss Sherriff Allman in his official capacity is GRANTED.

Plaintiff shall have until on or before November 16, 2015, in which to file a first amended complaint. A Case Management Conference in this case is set for January 26, 2015. As per the Scheduling Order (Doc. 3) all deadlines are continued accordingly.

**IT IS SO ORDERED**.

Dated: October 27, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| MELODIE HUGHES,<br><br>   Plaintiff,<br><br>v.<br><br>COUNTY OF MENDOCINO, et al.,<br><br>   Defendants. | Case No. 15-cv-01794-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee of U.S. District Court, Northern District of California.

That on October 26, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melodie Hughes
P.O. Box 207
Willits, CA 95490


Dated: October 26, 2015


   Susan Y. Soong
   Clerk, United States District Court

   By:_____
   Robert Illman, Law Clerk to the
   Honorable NANDOR J. VADAS