UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MELODIE HUGHES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MENDOCINO, et al.,<br><br>Defendants. | Case No. 15-cv-01794-NJV<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 62 |

Plaintiff Melodie Hughes ("Plaintiff") proceeds *pro se* in this action filed against the County of Mendocino, Sheriff Thomas Allen, Deputy Chora, Deputy DeMarco, California Forensic Medical Group ("CFMG"), and Dr. Taylor Fithian. On March 3, 2016, Plaintiff filed a Second Amended Complaint ("SAC"). Defendants California Forensic Medical Group and Dr. Taylor Fithian filed an Answer to the SAC, while the County of Mendocino, Sheriff Thomas Allen, Deputy Chora, and Deputy DeMarco filed a Motion to Dismiss (Doc. 62) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a Response to the Motion (Doc. 68), to which Defendants filed a Reply (Doc. 70). The court took the matter under submission on the papers. (Doc. 69). For the reasons that follow the court will grant the motion in part and deny the motion in part.

**FACTS AS ALLEGED IN THE SAC**

The Complaint is predicated on the events surrounding the death of Plaintiff's son, Ivan Slater ("Slater"). Slater was arrested by Deputy DeMarco on March 22, 2014, and taken to the Mendocino County Jail. SAC. (Doc. 58) at ¶21. When Slater was arrested, he was suffering "heroin withdrawals" and Deputy DeMarco was aware of Slater's medical need. *Id*. at ¶22. At the jail, Deputy Chora completed a "Medical Booking Screening paperwork." Slater became very

sick in the first 24 hours.  *Id*. at 26.  The CFMG failed to follow protocol and never summoned a doctor.  *Id*. at ¶30-32.

On March 26, 2014, Slater was released on his own recognizance.  *Id*. at ¶35.  On March 27, 2014, Slater died.  Slater did not use heroin within the last two hours of his life.  *Id*. at ¶38.

## CLAIMS

Plaintiff presents six claims for relief in the SAC: (1) the First Claim is pursuant to 42 U.S.C. § 1983, based on alleged violations of the Eighth and Fourteenth Amendments to the United States Constitution and is against all Defendants; (2) the Second Claim is pursuant to 42 U.S.C. § 1983, based on alleged violations of the First and Fourteenth Amendments to the United States Constitution for deprivation of the liberty interests in the parent-child relationship and is against all Defendants; (3) the Third Claim is for failure to furnish/summon medical care arising under California state law and is against all Defendants; (4) the Fourth Claim is for negligent supervision, training, hiring, and retention under California state law and is against Sheriff Allman, CFMG, and Dr. Taylor Fithian; (5) the Fifth Claim is a negligence claim under California state law and is against all Defendants; and (6) the Sixth Claim is for wrongful death under California state law and is brought against all Defendants.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint.  A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Id*. Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

### *A.    Deputy Defendants*

In her Response, Plaintiff concedes the Fourth Claim against Deputy DeMarco and all claims except the Third Claim against Deputy Chora. In addition, Plaintiff does not oppose Defendants' request to dismiss the Sixth Claim against the deputy Defendants.

#### *1.    First-Third Claims against Deputy DeMarco*

Defendants move for dismissal of the First, Second, and Third claims against Deputy DeMarco on the basis that Plaintiff has failed to plead that the deputy acted with deliberate indifference. As Defendants state:

> Establishing deliberate indifference requires that a plaintiff "show [(1)] a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)) (2) that "defendant's response to the need was deliberately indifferent." *Id*. "Deliberate indifference may be established by evidence of '(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.'" *M.H. v. County of Alameda*, 62 F. Supp. 3d 1049, 1076 (N.D. Cal. 2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Def. Mot. (Doc. 62) at 9. Defendants assert that "there are no allegations in the SAC that DeMarco's actions of taking Slater to the MCJ constituted a purposeful act or failure to respond to Slater's pain or possible medical need." *Id*. at 4. The court does not agree. Plaintiff alleges that Deputy DeMarco, the arresting officer, knew of Slater's need for medical help and, acting with

deliberate indifference, failed to summon it. SAC (Doc. 58) at ¶¶ 22, 23, & 41. This is sufficient to state a cause of action under the First, Second, and Third Claims against the deputy and this request for dismissal is denied.

### 2.  *The Third Claim against Deputy Chora*

The SAC alleges that Deputy Chora "failed to complete a medical screening and call for a nurse" and did not mention heroin detoxification on the screening form. *Id*. at ¶¶ 17 &24. Defendants argue that "there are no allegations in Plaintiff's SAC that either DeMarco or Chora interacted with Slater at a time when he was in immediate need of medical care." Defs.' Mot. (Doc. 62) at 11. However, the SAC alleges that Slater was in need of medical care upon arrest and then describes his condition as worsening. Thus, Plaintiff has set forth a claim for deliberate indifference and the request to dismiss Deputy Chora from the Third Claim is denied.

### 3.  *The Fifth Claim against Deputy DeMarco*

This Claim for relief is a negligence claim brought under California law, and against Deputy Demarco asserts that "nurses and officers failed to comply with a minimum professional standard in the provision of medical care to [] Slater." SAC (Doc. 58) at ¶73. This claim is separate and distinct from the Third Claim which was brought as a failure to summon or furnish medical care under California state law. There are no allegations in the SAC that Deputy DeMarco provided medical care, or was under an obligation to personally provide medical care to a professional standard for Slater. Rather, the allegations are that Deputy DeMarco failed to properly summon medical care. Those claims are properly brought under the Third Claim and not this claim. Any failure to summon medical care against Deputy DeMarco contained in this claim is duplicative of the failure to summon medical care claim in the Third Claim. Accordingly, this claim is dismissed as to Deputy DeMarco.

## B.  *Defendants County of Mendocino and Sheriff Allman*

### 1.  *The Fourth Claim against the County of Mendocino*

The County moves for dismissal of the Fourth Claim. The Fourth Claim was previously dismissed against the County. The SAC does not assert a new claim against the County. Accordingly, that request is denied as moot.

### 2. *The Fifth Claim against the County and Sheriff Allman*

The County and Sheriff Allman move for dismissal from this claim on the basis that the County is immune and that Sheriff Allman was not engaged in the healing arts. Mot. (Doc. 62) at 14. The allegations in the SAC are that "nurses and officers" failed to provide a professional standard of care in the provision of medical care and that the other defendants "failed to adopt policies, procedures, and training for staff," which resulted in there being "NO MEDICAL CARE AT THE MENDOCINO COUNTY JAIL!" SAC (Doc. 58) at 11 (capitalization in the original). As the court instructed in its Order of October 27, 2015, a "public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." (Doc. 37) at 6 (quoting Cal. Gov't Code § 815.2(a)). The court agrees with Defendants that Plaintiff has failed to set forth a claim under § 815.2(a). Plaintiff has failed to plead that it was within the scope of Sheriff Allman's employment to provide the policies, procedures, and training for staff regarding the provision of medical care. Again, this is not a failure to summon medical or furnish medical care claim, but rather whether the medical care provided was to the "professional standard of care." As Plaintiff states in the SAC, it was CFMG that provided medical services at the county jail, not the Sheriff. Accordingly, Defendants' request that the County and Defendant Allman be dismissed from the Fifth Claim is granted.

### CONCLUSION

For the reasons stated above, it is ORDERED that the motion to Dismiss (Doc. 13) is GRANTED in part and DENIED in part.

Further it is ORDERED that this matter is set for a case management conference at 2:00 p.m. on July 26, 2016:

**IT IS SO ORDERED**.

Dated: May 13, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELODIE HUGHES, *et al.*,

    Plaintiffs,

v.

COUNTY OF MENDOCINO, *et al.*,

    Defendants.

Case No. 15-cv-01794-NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee of the U.S. District Court, Northern District of California.

That on May 13, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melodie Hughes  
P.O. Box 207  
Willits, CA 95490

Dated: May 13, 2016

Susan Y. Soong  
Clerk, United States District Court

By:_____  
Robert Illman, Law Clerk to the  
Honorable NANDOR J. VADAS